UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.        Case No.  **2:06-cv-326-FtM-29SPC**

FLORIDA GULF COAST UNIVERSITY,

        Defendant.
_____

JOHNNY MCGAHA,

        Plaintiff,

vs.       Case No.  2:06-cv-395-FtM-29DNF

FLORIDA GULF COAST UNIVERSITY BOARD
OF TRUSTEES,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) defendant Florida Gulf Coast University's (FGCU) Motion to Dismiss (EEOC Doc. #11)[1]; (2) defendant FGCU Motion to Strike U.S. Equal Employment Opportunity Commission's Response to Defendant's Motion to Dismiss (EEOC Doc. #13); and (3) defendant FGCU Board of Trustees Motion to Dismiss Amended Complaint (McGaha Doc. #14).

---

[1] As this Opinion and Order addresses filings in two cases that were consolidated on February 19, 2007, docket numbers referring to case number 2:06-cv-395-JES-DNF are cited as (McGaha Doc.) and docket numbers referring to 2:06-cv-326-JES-SPC are cited as (EEOC Doc.).

**I.**

Johnny McGaha was hired by FGCU in November 1996 and was founding chairperson of the Criminal Justice program. From 2000 to 2005 he served as Dean of the College of Professional Studies. (McGaha Doc. #9, ¶12.) In early 2005, FGCU attempted to rewrite McGaha's contract, which eventually led to a term contract rather than one of indefinite duration. (Id. at ¶19.) During the same period, FGCU held brown bag luncheons for its female faculty, which were not open to any of the male faculty including McGaha. (Id. at ¶21.) As a result of these practices, McGaha filed a complaint with FGCU. In response to McGaha's complaint, plaintiff alleges, FGCU placed McGaha on mandatory sabbatical, rescinded a job offer, and reduced his salary. (Id. at ¶28.) Additional facts are set forth below as necessary to resolve particular issues.

Upon exhausting his administrative remedies, McGaha filed a two count action for discrimination based on gender and for retaliation. The EEOC also filed a one count complaint alleging that FGCU retaliated against McGaha in violation of the Age Discrimination in Employment Act (ADEA).

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406

(2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**III.**

FGCU asserts that the EEOC's Complaint should be dismissed for the following reasons: (1) the Court lacks Jurisdiction under FLA. STAT. § 1001.72; (2) the EEOC's complaint fails to state a claim of age discrimination or retaliation; and (3) the Complaint fails to separate different causes of action as required by FED. R. CIV. P. 10(b). FGCU also asks this Court to strike both the punitive and compensatory damages claim. (EEOC Doc. #11, pp. 1, 13-14.)

FGCU's Motion to dismiss asserts that this Court lacks jurisdiction because Florida Gulf Coast University is not a proper party. Rather, it asserts, The Florida Gulf Coast University Board of Trustees is the proper defendant.

The Florida Gulf Coast University is part of the Florida "State university" system. FLA. STAT. § 1000.21(6)(j). Each constituent university has a board of trustees. Fla. Stat. § 1001.71. Each board of trustees is "a public body corporate with all the powers of a body corporate, including the power to adopt a corporate seal, to contract and be contracted with, to sue and be sued, to plead and be impleaded in all courts of law or equity, . . ." FLA. STAT. § 1001.72(1). The university board of trustees is given extensive powers, FLA. STAT. § 1001.74 (2007), including the authority to "govern its university," FLA. STAT. § 1001.74(1)(c), and "establish the personnel program for all employees of the university." FLA. STAT. § 1001.74(5)(a). The Court concludes that The Gulf Coast University Board of Trustees is the proper party,

and that The Gulf Coast University should be dismissed. See e.g., Dismuke v. Florida Board of Governors, No. 05-CV-340, 2005 WL 1668895 (M.D. Fla. July 8, 2005).

In light of this, the other portions of the motion to dismiss are moot. Additionally, the Court will deny the motion to strike.

**IV.**

Also before the Court is defendant FGCU Board of Trustees (hereinafter "the Board") Motion to Dismiss (McGaha Doc. #14). The motion seeks dismissal of McGaha's First Amended Complaint on the grounds that it fails to allege a prima facie case of discrimination or retaliation based on gender and that Count II constitutes a shotgun pleading.

McGaha responds arguing that Count II does not constitute a shotgun pleading. McGaha asserts that the paragraphs realleged in Count II are relevant to both counts, and need not be repeated. The Court agrees.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Here, while some of the paragraphs incorporated by reference are not directly relevant to the retaliation count, they do provide background on what led McGaha to file his initial complaint with the EEOC. Furthermore, the

retaliation claim stems from the same underlying facts which form the basis of Count I, and therefore it is not surprising that the two counts share some of the same factual allegations.  Therefore the Board's Motion to Dismiss is denied on this ground.

The Board also asserts that plaintiff has failed to establish a prima facie case of discrimination or retaliation based on gender.  Upon review of the First Amended Complaint, the Court disagrees.  The First Amended Complaint contains ample allegations to support a claim for discrimination based on gender as well as retaliation.

Accordingly, it is now

**ORDERED**:

1.  Defendant Florida Gulf Cost University's Motion to Dismiss (EEOC Doc. #11) is **GRANTED,** and the Complaint is **dismissed** as to The Florida Gulf Coast University.

2.  The Equal Employment Opportunity Commission shall have leave to file an Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order against The Florida Gulf Coast University Board of Trustees.

3.  Defendant Florida Gulf Cost University's Motion to Strike U.S. Equal Employment Opportunity Commission's Response to Defendant's Motion to Dismiss (EEOC Doc. #13) is **DENIED.**

4.  Defendant Florida Gulf Coast University Board of Trustees Motion to Dismiss Amended Complaint (McGaha Doc. #14) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of July, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge